UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SURE WAY HOMES, INC.**,

    Plaintiff,

  vs.

**BANK OF AMERICA, N.A.**,

    Defendant.

No. 2:13-cv-14251
Hon. Gerald E. Rosen

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR REMAND**

    Plaintiff Sure Way Homes filed this lawsuit in Oakland County Circuit Court against Defendant Bank of America seeking to quiet title to real property (Property) in Novi, Michigan. (Plf's Compl., Dkt. # 1-2). Defendant timely removed Plaintiff's lawsuit to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Def's Notice of Removal, Dkt. # 1). Plaintiff now requests that this Court remand this matter back to state court for two frivolous reasons: (1) it is more appropriate for a state court to interpret state law; and (2) Defendant's Notice of Removal merely states that it is a citizen of North Carolina without offering any specific proof of such citizenship. (Plf's Mtn., Dkt. # 3, at 5-6). As set forth below, this Court denies Plaintiff's Motion to

1

Remand and orders that Plaintiff's attorney pay Defendant's attorneys' fees and costs associated with defending against this Motion.

The burden of establishing diversity jurisdiction rests with the party seeking removal. *Long v. Bando Mfg. of Am., Inc.,* 201 F.3d 754, 757 (6th Cir. 2000). Removal petitions must be strictly construed, and courts must resolve all disputed questions of fact and ambiguities in favor of the non-removing party. *Coyne v. American Tobacco Co.,* 183 F.3d 488, 493 (6th Cir. 1999). Under 28 U.S.C. 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, *may be removed by the defendant* . . . , to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a) (emphasis added). A defendant may remove an action on the basis of diversity jurisdiction if there is diversity jurisdiction under 28 U.S.C. § 1332(a) and if none of the defendants are citizens of the state where the action is brought. § 1441(b). Under § 1332(a), a court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." § 1332(a).

Plaintiff first argues -- citing the Rules of Decision Act, 28 U.S.C. § 1652, and the *Erie* doctrine -- that "[b]ecause this quiet title action is formed under state law, the [Oakland County] Circuit Court is in the best position to address this

matter." (Plf's Mtn., Dkt. #3, at 2, 5). This Court should set aside removal jurisdiction, argues Plaintiff, simply because a Michigan state court is "better" able to adjudicate a state law claim. As Plaintiff acknowledges, however, the Rules of Decision Act and the *Erie* doctrine simply require this Court to apply Michigan substantive law *once this Court has jurisdiction*. Neither of these authorities -- nor any other -- permit this Court to reject removal jurisdiction for the sole reason that the underlying dispute involves the interpretation of state law. Plaintiff's unsupported theory would eviscerate any removal jurisdiction predicated upon diversity and this Court declines to so write 28 U.S.C. § 1441 out of the U.S. Code. As the Sixth Circuit has explained, removal is not only a *right* that a defendant enjoys, but a right that is *absolute*. *Regis Associates v. Rank Hotels (Management), Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990); *Coyne*, 183 F.3d at 493 (rejecting argument that action "originally filed in state court and involving only issues of state law . . . should be adjudicated in state court").

Plaintiff's second argument also fails. In attacking Defendant's Notice of Removal, Plaintiff only takes issue with Defendant's alleged lack of proof of its citizenship: "Defendant has failed to provide proof of the alleged diversity . . . . Defendant merely states [in its Notice of Removal] that they (sic) are a citizen of

3

North Carolina but failed to provide any supporting documents." (Plf's Mtn., Dkt. # 3, at 6).[1]  Plaintiff, does not, however, provide any citation for this assertion.

If a motion to remand does not raise questions of fact regarding a notice of removal, the removing party "need not produce any proof to sustain [the facts set forth in the notice of removal.]" *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 97 (1921).  Here, Plaintiff is a Michigan corporation conducting business in Michigan.  (Plf's Compl., Dkt. # 1-2, at ¶ 1).  Defendant's Notice of Removal provides that it is a citizen of North Carolina (Def's Notice of Removal, Dkt. # 1, at ¶ 6)[2] and Plaintiff did not put forth any facts or argument *disputing* Defendant's citizenship.[3]  *Wilson*, 257 U.S. at 97-98.  The parties are therefore diverse and remand is not appropriate.

Though Defendant did not expressly request an award of attorneys' fees and costs for having to respond to this Motion, the Court finds that such an award is

---

[1] Plaintiff does not contest that the amount in controversy exceeds $75,000. Additionally, Defendant's Notice of Removal indicates that it allegedly obtained title to the Property for $215,420.23 and that Plaintiff allegedly obtained title to the Property for $84,000.  (Def's Notice of Removal, Dkt. # 1, at ¶ 5).  This satisfies the amount in controversy threshold.  Finally, Plaintiff does not argue that Defendant failed to satisfy the procedural requirements for removal under 28 U.S.C. § 1446.

[2] Because Defendant is a national bank, it is "located" in the state designated in its articles of association as its main office.  *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006).  Though not required to do so, Defendant also produced evidence in its Response establishing its citizenship for diversity purposes in North Carolina.  (Ex. 6 to Def's Resp., Dkt. # 5-6).

[3] Plaintiff's Complaint alleges that Defendant is located in Texas, which would also support diversity jurisdiction.  (Plf's Compl., Dkt. # 1-2, at ¶ 3).

4

warranted in this case.  Under 28 U.S.C. § 1927, this Court may impose an award of fees and costs against an attorney "who so multiplies the proceedings in any case unreasonably and vexatiously."[4]  The Sixth Circuit has explained that an award of fees is appropriate under § 1927, with or "without a finding of bad faith," if "an attorney knows or reasonably should know that a claim pursued is frivolous or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims."  *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (citation omitted).  Here, Plaintiff's attorney should have reasonably known that the Motion to Remand was frivolous.  The grounds for his Motion are supported by neither fact, nor law, but were nonetheless presented to this Court in a manner that even a first-year law student would recognize as frivolous.[5]

For all of the foregoing reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion to Remand to Circuit Court [Dkt. # 3] is DENIED.

---

[4] Defendant suggests that sanctions might be appropriate under Federal Rule of Civil Procedure 11.  (Def's Resp., Dkt. # 5, at 12 n.8).  It did not, however, formally move for Rule 11 sanctions or provide any indication that it complied with the "safe harbor" provision of the Rule.  *See* Fed. R. Civ. P. 11(c)(2).  Under these circumstances, the Court finds that an award of Rule 11 sanctions would not be appropriate.

[5] The Court also notes that Plaintiff's Motion did not indicate whether it sought Defendant's concurrence in the relief sought.  Eastern District of Michigan Local Rule 7.1(a).  Plaintiff and its attorney are cautioned to comply with the Local Rules when filing any further motions before this Court.  Failing to do so may lead to fines or other sanctions.

IT IS FURTHER ORDERED that Defendant shall submit a petition for its fees and costs incurred in this matter after November 7, 2013 -- the date Plaintiff filed its Motion -- within fourteen days of this Opinion and Order. Plaintiff's attorney may then file and serve any desired objections to the requested award within fourteen days of Defendant's submission.

**IT IS SO ORDERED.**

Dated:  December 9, 2013            s/Gerald E. Rosen
                                    GERALD E. ROSEN
                                    CHIEF, U.S. DISTRICT COURT

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, December 9, 2013, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, 313-234-5135