UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**SURE WAY HOMES, INC.**,

    Plaintiff,

vs.

No. 2:13-cv-14251
Hon. Gerald E. Rosen

**BANK OF AMERICA, N.A.**,

    Defendant.

_____/

### OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RELIEF FROM JUDGMENT

On December 9, 2013, this Court entered an Opinion and Order denying Plaintiff's Motion to Remand. (Dkt. # 6). It also found that Plaintiff's Motion to Remand was frivolous, meriting an award of attorneys' fees and costs under 28 U.S.C. § 1927. (*Id.*). Currently before the Court is Plaintiff's January 6, 2014 Motion for Relief from Judgment pursuant to Federal Rule of Civil Procedure 60(b).[1] (Plf's Mtn., Dkt. # 8). Plaintiff argues that its Motion to Remand was not frivolous and that § 1927 sanctions were not appropriate. It was, according to Plaintiff, "supported by a meritorious argument supported by law" because

---

[1] To the extent Plaintiff's Motion seeks "reconsideration" of this Court's December 9, 2013 Opinion and Order (it is captioned as a "Motion for Reconsideration" on this Court's CM/ECF System), such a motion is untimely pursuant to Eastern District of Michigan Local Rule 7.1(h)(1).

1

Defendant had failed to offer *proof* of its citizenship when it removed this matter from state court. (*Id.* at 6-7). The Court DENIES Plaintiff's Motion for the reasons set forth below.

Relief from a court's order or judgment is extremely limited under Federal Rule of Civil Procedure 60(b). The Rule provides, in pertinent part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Plaintiff in this case has not established any of the grounds enumerated in subparts (1) through (5). Instead, Plaintiff apparently relies upon Rule 60(b)(6)'s catch-all provision: "any other reason that justifies relief." (Plf's Mtn., Dkt. # 8, at 6).

Both the United States Supreme Court and the Sixth Circuit have repeatedly held that relief under Rule 60(b)(6) is "extraordinary relief" to be granted only in exceptional circumstances. *Ackerman v. United States,* 340 U.S. 193, 202 (1950); *Malloy v. Enrich,* 922 F.2d 1273, 1281 (6th Cir. 1991); *Hopper v. Euclid Manor Nursing Home, Inc.,* 867 F.2d 291, 294 (6th Cir. 1989); *Pierce v. UMW Welfare &*

*Retirement Fund,* 770 F.2d 449, 451 (6th Cir. 1985).  Exceptional circumstances under Rule 60(b) means "unusual and extreme situations where principles of equity *mandate* relief."  *Ole v. Henry & Wright Corp.,* 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).  A claim of simple legal error, unaccompanied by extraordinary or exceptional circumstances, is not cognizable under Rule 60(b)(6).  *Pierce,* 770 F.2d at 451.

Plaintiff has not shown such exceptional circumstances.  Rather, all it has done is regurgitate the same unsupported argument that it previously raised with this Court in its Motion to Remand.  Plaintiff again argues that Defendant was, *outside* of the statements in its removal papers, required to *affirmatively prove* its citizenship for diversity purposes.  "[I]f Defendant offered said proof in its initial filing of its Notice of Removal," Plaintiff states, "Plaintiff would not have taken issue with the Defendant removing [this matter to this Court.]"  (Plf's Mtn., Dkt. # 8, at 7).  As discussed in this Court's December 9, 2013 Opinion and Order, Plaintiff's objection to Defendant's Notice of Removal falls short because it did not contest the factual averments in Defendant's Notice of Removal.  (Dkt. # 6, at 3-4).  Plaintiff's attempt to now relitigate this issue is not well taken.[2]

---

[2] Plaintiff emphasizes that upon "proof" of citizenship by Defendant in Response to Plaintiff's Motion to Remand, it did not "file a vexatious or bad faith reply brief in support of its Motion for Remand because the issue initially raised was no[w] moot."  (Plf's Mtn., Dkt. # 8, at 5).  Despite the issue's admitted mootness, Plaintiff did not withdraw its Motion for Remand, which this Court suggests would

For all of these reasons,

IT IS HEREBY ORDERED that Plaintiff's Motion for Relief from Judgment [Dkt. # 8] is DENIED.

IT IS FURTHER ORDERED that Defendant's Petition for Attorney Fees [Dkt. #7] is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's attorney pay Defendant's attorneys' fees and costs in the amount of $3,827.50[3] in the form of a check payable to "RJ Landau Partners PLLC" within 14 days of entry of this Opinion and Order.

**IT IS SO ORDERED.**

Dated: January 13, 2014    s/Gerald E. Rosen
                          GERALD E. ROSEN
                          CHIEF, U.S. DISTRICT COURT

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 13, 2014, by electronic and/or ordinary mail.

s/Julie Owens
Case Manager, 313-234-5135

---

have been the more appropriate route in lieu of waiting for this Court to address Plaintiff's frivolous motion.

[3] Pursuant to this Court's December 9, 2013 Opinion and Order, Defendant submitted a petition for its fees and costs, asserting that it incurred $3,827.50 related to its Response to Plaintiff's Motion to Remand. (Def's Fee Petition, Dkt. #7, at 2). This Court gave Plaintiff the opportunity to file and serve desired objections to this requested award, but Plaintiff did not do so.